UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREAT AMERICAN E&S INSURANCE COMPANY,**   Plaintiff | **CIVIL ACTION NO.:** **2:16-CV-02490** |
| **VERSUS** | **SECTION:  H** |
| **MASSE CONTRACTING, INC., ALLIED SHIPYARD, INC., ARCH INSURANCE COMPANY, UNITED CAPITAL INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, ATLANTIC INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, UNDERWRITERS AT LLOYD'S LONDON AND CLARENDON NATIONAL INSURANCE COMPANY**   Defendants | |

**COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201**

**NOW INTO COURT**, through undersigned counsel, comes Great American E & S Insurance Company (formerly known as Agricultural Excess & Surplus Insurance Company) ("Great American"), who brings this *Complaint* for declaratory relief under 28 U.S.C. §2201 and 28 U.S.C. §2202, seeking a declaration of rights and obligations on the part of Great American against Masse Contracting, Inc., ("Masse") based on claims for defense and indemnity asserted as a result of the Louisiana state court lawsuits styled as *Andrea Adams, et al. v. Allied Shipyards, Inc.*, Civil Action No. 116275, 17th Judicial District Court, Parish of Lafourche, State of Louisiana ("*Adams* Lawsuit"), and *Megan St. Pierre, et al. v. Allied Shipyard, Inc.,* No. 116555, Div. C, 17th Judicial District Court for the Parish of Lafourche, States of Louisiana ("*St. Pierre* Lawsuit"), (collectively, "Underlying Lawsuits").

**PARTIES**

1.      Plaintiff, Great American E&S Insurance Company, is an entity organized and existing under the laws of the state of Delaware, with its principal place of business located in Cincinnati, Ohio.

2.      Defendant, Masse Contracting, Inc. ("Masse"), is a corporation organized and existing under the laws of the state of Louisiana, with its principal place of business located in Houma, Louisiana.

3.      Defendant, Allied Shipyard, Inc., ("Allied"), is a corporation organized and existing under the laws of the state of Louisiana, with its principal place of business located in Larose, Louisiana.

4.      Defendant, Arch Insurance Company, ("Arch") is a foreign insurer licensed to conduct and conducting business in the state of Louisiana, incorporated in the State of Missouri and who maintains its principal place of business in New York.

5.      Defendant, United Capitol Insurance Company, ("UCIC") is a foreign insurer licensed to conduct, and conducting business in the state of Louisiana.  United Capitol Insurance Company is incorporated in the State of Illinois with its principal place of business in Illinois.

6.      Defendant, Lexington Insurance Company, ("LIC") is a foreign insurer licensed to conduct, and conducting business in Louisiana.  LIC is incorporated in the State of Massachusetts with its principal place of business in Massachusetts.

7.      Defendant, Atlantic Insurance Company, ("AIC") is a foreign insurer licensed to conduct, and conducting business in Louisiana.

8. Defendant, State National Insurance Company, ("SNIC") is a foreign insurer licensed to conduct, and conducting business in Louisiana. SNIC is incorporated in the State of Texas with its principal place of business in Texas.

9. Defendant, Underwriters at Lloyd's, London ("Lloyd"), is a foreign insurer licensed to conduct and conducting business in Louisiana.

10. Defendant, Clarendon National Insurance Company ("Clarendon"), is a foreign insurer licensed to conduct and conducting business in Louisiana.

## JURISDICTION AND VENUE

11. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the parties in this action are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. The Court has personal jurisdiction over Defendants, because at all times relevant to this litigation, the Defendants were citizens of Louisiana and/or were doing business within the State of Louisiana and within the United States District Court, Eastern District of Louisiana.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c).

## THE UNDERLYING LAWSUITS

14. On or about October 28, 2010, Plaintiff, Andrea Adams, and others filed suit against Allied Shipyard, Inc., commencing the action styled as *Andrea Adams, et al. v. Allied Shipyards, Inc.*, Civil Action No. 116275, 17th Judicial District Court, Parish of Lafourche, State of Louisiana ("*Adams* Lawsuit").

15. The Plaintiffs in the *Adams* Lawsuit alleged that Allied Shipyard Inc. ("Allied"), performed sandblasting operations as part of its business for decades, resulting in "dangerous silica dust" produced by sandblasting emissions permeated the Plaintiffs' neighborhood.

16. The Plaintiffs in the *Adams* Lawsuit further alleged that, as a result of Allied's purported negligence and Plaintiffs' exposure to the "dangerous byproduct," that they have developed health problems, diseases and ailments; incurred medical expenses; lost income; sustained property damage, resulting in diminished property values; and, incurred cleanup expenses.

17. On or about December 8, 2010, Plaintiff, Megan St. Pierre, and others, filed suit against Allied Shipyard, Inc., commencing the action styled as *Megan St. Pierre, et al. v. Allied Shipyard, Inc.,* No. 116555, Div. C, 17th Judicial District Court for the Parish of Lafourche, States of Louisiana ("*St. Pierre* Lawsuit").

18. The Plaintiffs in the *St. Pierre* Lawsuit allege that Allied's sandblasting operations during the "past eight years" exposed Plaintiffs to hazardous substances, including silica.

19. The Plaintiffs in the *St. Pierre* Lawsuit further alleged that, as a result of their alleged exposures, they are entitled to damages for physical pain and suffering, mental pain, medical expenses, loss of enjoyment of life, inconvenience, loss of income, damage to personal property and loss of consortium.

20. On or about September 19, 2011, Allied Shipyard, Inc., filed a third party demand against Masse Contracting, Inc., in the *Adams* Lawsuit.

21. On or about September 16, 2011, Allied Shipyard, Inc., filed a third-party demand against Masse Contracting, Inc., in the *St. Pierre* Lawsuit.

22. Allied's third-party demands alleged that Masse contracted with Allied to perform certain job responsibilities and to indemnify Allied under a Master Worker Contract ("MWC") dated June 30, 1995.

23. Allied's third-party demands further alleged that Masse's actions, activities and failure to perform its contractual job responsibilities under the MCW, "initiated the claims of the Plaintiffs," constituting an alleged breach of the MWC.

24. Allied's third-party demands also alleged, in the alternative, that Masse negligently performed its job duties and responsibilities, leading to the underlying *Adams* and *St. Pierre* Plaintiffs' injuries.

25. Allied's third-party demands alleged entitlement to indemnification from Masse with respect to the *Adams* and *St. Pierre* Plaintiffs' claims, including reimbursement of all defense costs incurred by allied defending against the Underlying Lawsuits and all costs and attorney fees incurred in pursuit of indemnity from Masse.

26. Allied's third-party demands also alleged the right to additional assured status and coverage on all policies of insurance issued to Masse for any liability in the Underlying Lawsuits.

27. Subsequently, a number of the Plaintiffs in the Underlying Lawsuits amended their Petitions to name Masse as a direct Defendant.

## THE POLICIES

28. Great American initially issued Policy No. PL2291578 to Masse, which policy had a coverage period of November 16, 1996, through November 16, 1997.

29. Great American also issued Policy No. PL 2291827 to Masse, which policy had a coverage period of November 16, 1997 through November 16, 1998.

30. Relative to coverage of bodily injury and property damage liability, the Insuring Agreement terms of both policies provided the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages **because of "bodily injury" or "property damage" to which this insurance applies**. [Emphasis added]

31. The policies further provided:

> b. This insurance applies to "bodily injury" and "property damage" only if: . . . . .
> (2) The "bodily injury" or property damage" occurs during the policy period."

32. Both Great American policies likewise contained endorsement provisions concerning the operations out of which bodily injury and/or property damage must arise for the policies to afford coverage.

33. Endorsement BMG-519 contained in Policy, PL2291578, as to "Designated Operations Coverage Only Notice of Special Restriction of Coverage Endorsement," stated:

> Only certain very specific liability exposures have been covered under this policy. We do not know, and have not been told, the criteria, nor the intent of the Insured in selecting either the exposures to be covered or to be excluded if any.
> You should read this endorsement, and the policy to which it is attached, carefully and consult with your insurance brokers and advisors.
>
> I. Subject to all of the exclusions, terms and conditions of this policy, such insurance as is afforded by this policy applies only to liability arising directly from the ownership, maintenance or use of the following by the Insured or the specific business operations by the Insured as described as follows:
>
> **Furnish shipyard labor: Welders, Pipefitters, Electricians, Tackers**
>
> II.     No insurance is afforded by the policy for liability, directly or indirectly, arising from any exposure to loss described below, if any:
>
> **If not stated in Item I. above.**

34. Endorsement BMG-519 contained in Policy PL2291827, as to "Designated Operations Coverage Only Notice of Special Restriction of Coverage Endorsement," provided:

> Only certain very specific liability exposures have been covered under this policy. We do not know, and have not been told, the criteria, nor the intent of the Insured in selecting either the exposures to be covered or to be excluded if any.
> You should read this endorsement, and the policy to which it is attached, carefully and consult with your insurance brokers and advisors.
>
> I. Subject to all of the exclusions, terms and conditions of this policy, such insurance as is afforded by this policy applies only to liability arising directly from the ownership,

maintenance or use of the following by the Insured or the specific business operations by the Insured as described as follows:

> **Furnish shipyard labor to locations in Louisiana and Mississippi.**

II.     No insurance is afforded by the policy for liability, directly or indirectly, arising from any exposure to loss described below, if any:

> **If not stated in Item I. above.**

35.     Upon information and belief, Masse Contracting, Inc., was an insured of Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company during the periods of exposure alleged by the *Adams* and *St. Pierre* Plaintiffs in the Underlying Lawsuits.

36.     Upon information and belief, Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company, have denied their respective defense and indemnification obligations to Masse Contracting, Inc., as to the claims set forth in the Underlying Lawsuits.

## CLAIMS FOR DECLARATORY RELIEF

**Claim 1:**     **Great American has no duty to defend or indemnify Masse Contracting, Inc., under Policy No. PL2291578 and/or Policy No. PL2291827, with respect to the claims in the *St. Pierre* Lawsuit.**

35.     Great American restates and re-alleges Paragraphs 1-34 of its *Complaint* as though fully set forth herein.

36     The Great American polices afford no coverage for Masse with respect to the *St. Pierre* Lawsuit, as the policies in question cover only the periods of November 16, 1996 through November 16, 1997, and from November 16, 1997, through November 16, 1998.

37. The toxic exposures of which the *St. Pierre* Plaintiffs complain did not commence until four years after the Masse's last Great American policy expired.

38. Additionally, there is no coverage pursuant to the application of the aforementioned endorsements and/or the application of other terms, conditions, limitations and exclusions of the Great American policies.

**Claim 2:** **Great American has no duty to defend or indemnify Masse Contracting, Inc., under Policy No. PL2291578 and/or Policy No. PL2291827, with respect to the claims in the *Adams* Lawsuit.**

39. Great American restates and re-alleges Paragraphs 1-38 of its *Complaint* as though fully set forth herein.

40. The Great American polices afford no coverage for Masse with respect to the *Adams* Lawsuits, as Masse was neither present nor performing services covered under the policies during the periods November 16, 1996 through November 16, 1997, and November 16, 1997, through November 16, 1998.

41. Additionally, there is no coverage pursuant to the application of the aforementioned endorsements and/or the application of other terms, conditions, limitations and exclusions of the Great American policies.

**Claim 3:** **There is no coverage for Allied Shipyard Inc., as an additional insured under the Great American Policies with respect to the claims in the *Adams* and *St. Pierre* Lawsuits.**

42. Great American restates and re-alleges Paragraphs 1-41 of its *Complaint* as though fully set forth herein.

43. The Great American policies afford no coverage for Allied Shipyard, Inc., as an additional insured with respect to the *St. Pierre* Lawsuit, as the policies in question cover only the periods of November 16, 1996 through November 16, 1997, and from November 16, 1997,

through November 16, 1998, and the toxic exposures of which the *St. Pierre* Plaintiffs complain did not commence until four years after the Masse's last Great American policy expired.

44. The Great American policies afford no coverage for Allied Shipyard, Inc., as an additional insured with respect to the *Adams* Lawsuit, as Masse was neither present nor performing services covered under the policies during the periods November 16, 1996 through November 16, 1997, and November 16, 1997, through November 16, 1998.

45. Additionally, there is no coverage for Allied Shipyard Inc., as an additional insured under the Great American policies pursuant to the application of the aforementioned endorsements and/or the application of other terms, conditions, limitations and exclusions of the Great American policies.

**<u>Claim 4:</u>** **In the event the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., any such obligations should be proportionate to Great American's time on the risk as compared to the period of time during which the underlying Plaintiffs' toxic exposures allegedly occurred.**

46. Great American restates and re-alleges Paragraphs 1-45 of its *Complaint* as though fully set forth herein.

47. In the event this Court finds that Great American has a duty to defend and/or indemnify anyone, such obligations should be proportionate to its time on the risk as compared to the period of time during which the underlying Plaintiff's toxic exposures allegedly occurred. <u>See</u> *Cole v. Celotex Corp.,* 599 So. 2d 1058, 1066 (La. 1992); and *Norfolk Southern Corporation v. California Union Insurance Company, et al.*, 2002-0369 (La. App. 1 Cir. 9/12/03) 859 So.2d 167, writ denied, (861 So.2d 579 (La. 12/19/03)); and In *Gulf Chemical & Metallurgical Corp. v. Associated Metals,* 92-7499 (5th Cir. 9/13/93), 1 F.3d 365, 372.

**Claim 5:** **In the event that the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., Great American is entitled to contribution for the same from Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company.**

48.  Great American restates and re-alleges Paragraphs 1-47 of its *Complaint* as though fully set forth herein.

49.  Alternatively, and in the event that the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., for the whole of their damages and costs, Great American is entitled to contribution for the same from Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company. See *Cole v. Celotex Corp.,* 599 So. 2d 1058, 1066 (La. 1992); and *Norfolk Southern Corporation v. California Union Insurance Company, et al.*, 2002-0369 (La. App. 1 Cir. 9/12/03) 859 So.2d 167, writ denied, (861 So.2d 579 (La. 12/19/03)); and In *Gulf Chemical & Metallurgical Corp. v. Associated Metals,* 92-7499 (5th Cir. 9/13/93), 1 F.3d 365, 372.

WHEREFORE, Great American E&S Insurance Company prays that this Court enter judgment in its favor, and against the Defendants, as follows:

1.  Declaratory judgment that the Great American polices afford no coverage for Masse Contracting, Inc., with respect to the *St. Pierre* Lawsuit.

2.  Declaratory judgment that the Great American polices afford no coverage for Masse with respect to the *Adams* Lawsuits.

3. Declaratory judgment that the Great American policies afford no coverage for Allied Shipyard, Inc., as an additional insured with respect to the *St. Pierre* Lawsuit or the *Adams* Lawsuit.

4. Declaratory judgment that Great American has no duty to defend or indemnify Masse Contracting, Inc. in connection with the Underlying Lawsuits.

5. Declaratory judgment that Great American has no duty to defend or indemnify Allied Shipyard, Inc., in connection with the Underlying Lawsuits.

6. In the event this court finds that Great American has a duty to defend and/or indemnify either Masse Contracting, Inc., and/or Allied Shipyard, Inc. in connection with the Underlying Lawsuits, declaratory judgment that such obligations should be proportionate to Great American's time on the risk as compared to the period of time during which the underlying Plaintiff's toxic exposures allegedly occurred.

7. In the event that the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., for the whole of their damages and costs in connection with the Underlying Lawsuits, declaratory judgment that Great American is entitled to contribution for the same from Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company.

8. Great American E&S Insurance Company prays for the aforementioned relief, together with all other general and equitable relief as the Court deems appropriate.

Respectfully Submitted,

s/ Paul Verlander

---

GARY M. ZWAIN, #13809
PAUL J. VERLANDER, #19196
RACHEL A. SMITH, #26783
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
3838 North Causeway Blvd.
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
Counsel for Third Party Defendant,
***Great American E & S Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record by the Court's CM/ECF System on this 25th day of March, 2016.

s/ Paul Verlander

---